# MEMORANDUM DECISIONS

**1**

In the Matter of the Application of Willis H. CARRIER. (Court of Appeals of District of Columbia. Submitted March 9, 1925. Decided April 6, 1925.) Patent appeal No. 1706. A. E. Parsons, of Syracuse, N. Y., for appellant. T. A. Hostetler, of Washington, D. C., for Commissioner of Patents. Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

PER CURIAM. Appeal from a decision of the Patent Office refusing to allow claims 1 to 8, inclusive, 15, 16, 17, 19, and 20, of appellant's application for a patent relating to a humidity regulator. After a careful examination of the record and briefs, and giving due consideration to the argument at bar, we are convinced, as were the tribunals of the Patent Office, that the allowance by the office of seven claims of the application protected all the novel features of appellant's device. For the reasons stated by the Patent Office, we affirm the decision.

**2**

In the matter of the Application of the GOODYEAR TIRE & RUBBER COMPANY. (Court of Appeals of District of Columbia. Submitted March 9, 1925. Decided April 6, 1925.) No. 1705. E. H. Parry, of Washington, D. C., for appellant. T. A. Hostetler, of Washington, D. C., for Commissioner of Patents. Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, denying registration of a trade-mark consisting of "a series of circumferentially disposed, outstanding blocks or elements, approximately diamond-shaped, and spaced by a series of grooves or lines which intersect each other at right angles, the blocks or elements being alined on parallel cross-planes." The goods on which the mark is used are specified as belting, hose, machinery packing, and nonmetallic tires. The diamond-shaped projections. which appellant claims as a trade-mark, are clearly descriptive of the goods on which they are used, since they form a very essential part of the goods itself. In other words, these projections are molded on the face of a rubber tire, either to enhance the wear, or to prevent skidding, or both. Section 5 of the Trade-Mark Act of 1905 (Comp. St. § 9490), among other things, provides "that no mark which consists merely in * * * devices which are descriptive of the goods with which they are used shall be registered." As suggested in brief of counsel for the Patent Office, "the most accurate way of describing an article is possibly by the article itself." This case, we think, is clearly ruled by the decisions in Re United States Tire Co., 44 App. D. C. 469, in Re Barrett Co., 48 App. D. C. 586, Bristol Co. v. Graham, 199 Fed. 412, 117 C. C. A. 644, and Daniel v. Electric Hose & Rub-

ber Co., 231 Fed. 827, 145 C. C. A. 647. The decision of the Commissioner of Patents is affirmed.

**3**

In the matter of the Application of George A. KNAAK. (Court of Appeals of District of Columbia. Submitted March 12, 1925. Decided April 6, 1925. Rehearing Denied April 18, 1925.) No. 1733. F. E. Dennett, of Milwaukee, Wis., and W. G. Henderson, of Washington, D. C., for appellant. T. A. Hostetler, of Washington, D. C., for Commissioner of Patents. Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, rejecting certain claims for an invention described as an electric snap action switch mechanism. The object of the invention is stated in the specification of appellant as follows: "In all snap action mechanism with which I am familiar, prior to my invention, there is a dwell in the operation of the mechanism while parts are moving to change the actuated member from one positive, predetermined position to another positive, predetermined position. This dwell rendered the operation of the mechanism impositive and uncertain, and was generally objectionable and in some mechanisms was positively injurious. The object of this invention is to eliminate the dwell or dwell point of such prior mechanisms." In other words, the invention consists of a mechanism for operating electrical switches in such manner that the contacts are negotiated with such rapidity as to prevent arcing. The tribunals of the Patent Office were uniform in their holding that the invention here is anticipated by a number of prior patents referred to in the record, but more especially with reference to one Wood, No. 443,693, December 30, 1890. Wood in his specification describes his invention as follows: "My improved throw-over movement has the advantages of holding the switch firmly in position, of throwing it instantaneously from one position to the other, and of avoiding the possibility of its being left in intermediate position." From this description of the Wood invention, it would appear that appellant and Wood were attempting to accomplish the same object, and that Wood's invention constitutes a complete anticipation of appellant's device. Appellant's claims were therefore properly rejected. The decision of the Commissioner of Patents is affirmed.