**JAMES HEDDON'S SONS v. COE, Commissioner of Patents.**

**No. 8758.**

United States Court of Appeals
District of Columbia.

Argued Dec. 14, 1944.

Decided Jan. 15, 1945.

Mr. Ephraim Banning, of Chicago, Ill., with whom Mr. A. Yates Dowell, of Washington, D. C., was on the brief, for appellant.

Mr. E. L. Reynolds, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., was on the brief, for appellee.

Before MILLER, EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

Appellant seeks registration as a trademark for a herringbone design stamped or painted on the artificial plugs and casting baits which it manufactures and sells to fishermen. The design does more than identify the maker of the product. It makes the bait appear to have a skeleton and thus gives it a fishy appearance in spite of the fact that it does not resemble any existing fish. Furthermore, it is modified and adapted on various shapes of artificial bait in order to add to their attractiveness.

The court below found that the mark suggested the bone structure of a fish; that some fishermen considered that it made the bait more attractive to fish and that, in any event, the mark made the baits more attractive to fishermen and resulted in increased sales. On the basis of these findings the court held that the mark served a useful function and was, therefore, not entitled to registration as a trade-mark.

Appellant contends that the mark serves no useful function, and that there is no evidence of an increase in sales. It therefore argues that the above findings are without support. To prove lack of utility experts were called who testified that within certain broad limits it makes no difference to a fish how an artificial lure is shaped or marked. It is the flash of color and the movement of the object which attracts the fish. Fish, according to these experts, are incapable of distinguishing variations of color or design.

We would be reluctant indeed to undermine the folklore of fishing by making such a revolutionary finding of fact. It would constitute such a serious reflection on the intelligence and discrimination of fish that no angler with a spark of loyalty could fail to resent it. Fortunately the facts here do not require us to decide that issue. It is clear from the exhibits that the mark here is part of the design of the bait. It cannot be said to have no utility unless the product has no utility. The fact that some other design might be equally useful does not prevent this design from having utility. The design of a fish bait is no more subject to registration as a trade-mark than the pattern of a garment. It is, therefore, immaterial whether or not the fish can tell the design from some other design or whether it increases the sales to fishermen.

The judgment of the lower court will be affirmed on the authority of our decisions in In Re Goodyear Tire & Rubber Co., 1925, 55 App.D.C. 400, 4 F.2d 1013, and In re Barrett Company, 1919, 48 App.DC. 586.

Affirmed.